JOSEPH YOUNG, Administrator of the Goods &c. of Bridget McCauley, Respondent, *against* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

(Decided June 25th, 1885).

Plaintiff's intestate was employed by a car company to clean its cars, which were used in the business of defendant, a railroad company, and were kept, when not in use, in defendant's yards. In performing her duty, it was necessary for her to cross defendant's tracks, and she was directed by the agent of the car company to do so, going wherever there was a car to be cleaned. *Held,* that, under the circumstances, she was upon the track, not as a mere licensee, but by the express permission of defendant for the purpose of following her lawful pursuit, and that defendant owed to her the duty, in the management of its cars, to exercise reasonable care in their movements so as to do her no injury by negligence.

Deceased, while crossing one of defendant's tracks to reach a car she had been directed to clean, was killed by being struck by a baggage car which had been left standing alone on the track, and which was suddenly put in motion by other cars striking it. The time was the morning of a day in December; the weather was foggy; there were engines in the yard emitting smoke and steam; many trains passed in and out of the depot adjoining, and switch engines were at all times employed in the yard for moving cars to and fro. It appeared that the cars by which the baggage

Young v. New York Central &c. R. R. Co.

car was struck had been "kicked" off by an engine and left to go by their own momentum, to the depot, under charge of a brakeman. He testified that it was unusual for the baggage car to be in the place it stood; that he did not see it until it was struck, and did not know it was there; that there was no signal man or switchman on the track to tell him that the car was there; that he intended to go with his cars into the depot; and that he was at the brake and had the cars under control. There was evidence that the baggage car was thoroughly braked up, and that the brakes were in good order, and one witness testified that during his period of service in the yard he never once saw a car struck with force sufficient to move it as plaintiff claimed the baggage car was moved. *Held,* that the evidence bearing upon the question whether the brakeman was managing the cars with the care he ought to have taken, considering the time, place, condition of the atmosphere, and the persons whose duty called them upon the track, was sufficient to justify the submission to the jury of the question of defendant's negligence.

It appeared, also, that the deceased had knowledge of defendant's manner of doing business, and of the movement of cars without signals or watchmen, and that she had been warned of the danger and told that she must look out for herself ; but a witness accompanying her at the time of the accident, testified that when they attempted to cross the track they saw the baggage car, and saw that there was no engine attached to it. They must have been at least ten feet from the car, and were passing over a space left for express wagons and others. *Held,* that, upon this state of facts, the question of contributory negligence on the part of the deceased was a proper one for the jury.

The exclusion of proof of a general notification by defendant to all persons employed about the yard, that they must look out for themselves with respect to their movements and the movements of the cars, was not erroneous, proof having been previously given of notice to the deceased personally to the same effect.

APPEAL from a judgment of this court entered upon the verdict of a jury and from an order denying a motion for a new trial.

The facts are stated in the opinion.

*F. Loomis,* for appellant.

*D. P. Hayes,* for respondent.

ALLEN, J.—This is an appeal from a judgment entered upon a verdict, and from an order denying the motion, upon the minutes, to set aside the verdict and grant a new trial.

The plaintiff's intestate, Bridget McCauley, was, on the 22d day of December, 1882, the day of the accident for which this action was brought, and for some time before had been, in the employment of the Wagner Car Company on the premises of the defendant at the Grand Central Depot in this city, as a cleaner of the cars of that company. It appeared that when the passengers were discharged from the Wagner drawing-room cars the cars were hauled out of the depot and placed in the defendant's yard. It was the duty of the cleaners (of whom the deceased was one) to go around the yard, wherever they found the cars, and clean them, and in doing this work it was necessary for them to cross the tracks in said yard.

On the morning of the 22d day of December, 1882, the intestate and one Catharine Harold, who was also employed as a cleaner by the Wagner Car Company, left a car upon which they had been at work on the west side of the yard and were going to a car which they had been directed to clean on the east side of the yard. The morning was very foggy and there were engines in the yard which were emitting smoke and steam. It appeared that many trains pass in and out of the Grand Central Depot and that switch engines are at all times employed in the yard for moving the cars to and fro. On the morning in question an empty baggage car was standing under the Forty-fifth street bridge. The brakeman testified that he left the car there at about half-past nine, thoroughly braked up, and that the brakes were in good order. The space between the north end of the depot and the south end of this car was left so that express wagons could come in through the gate and for whatever traffic there was on that passage. While this baggage car was standing under the bridge three cars belonging to the Tarrytown train were hauled as far north as Fifty-first street and were switched in on the track upon which the baggage car was. They were then backed by the engine as far as Forty-eighth street and there "kicked" off and left to go south by their own momentum. There was a brakeman on the southerly end of the car nearest the depot.

The brakeman testified that it was unusual for that car to be under the bridge; that he did not see it until he struck it; that he did not know that the car was under the bridge; that there was no signalman or switchman on the track to tell him that the car was there; and that he intended to go with the Tarrytown cars inside of the depot; that he was at the brake and had the cars under control. He also testified that this baggage car was moved by the collision about ten feet. The intestate and the other woman were crossing the tracks to the Wagner car which they had been directed to clean, and were passing over the track between the baggage car and the depot, when they were struck by the baggage car into which the Tarrytown train had run. Mrs. McCauley, who was nearest to the car, was killed, and Mrs. Harold injured.

The court, upon the evidence presented, was justified in submitting to the jury the questions of negligence and contributory negligence, and the motion to dismiss the complaint was properly refused.

The lawful right of the deceased to be upon the track of the defendant at the place where the accident happened is beyond question. She was employed by the Wagner Car Company to clean their drawing-room cars, which were used in the business of the defendant, and which were kept, when not in use, in the defendant's yards adjoining its depot. For the purpose of performing her duty it was necessary for her to be in the depot yard and to cross the defendant's tracks. She was directed by Fifield, the agent of the Wagner Car Company, to go from one part of the yard to another, wherever there was a car to be cleaned.

It must be assumed, under the circumstances, that the deceased was not a bare licensee, but was upon the track by the express permission of the defendant for the purpose of following her lawful pursuit. This being so, the defendant had, in respect to her, a clear legal duty to perform in the management of its cars; which duty was to exercise reasonable care in their movements so as to do her no injury by negligence. So long as it permitted these employés of

the Wagner Car Company to be upon its track, it was chargeable with the knowledge that they were there in the pursuit of their legitimate duties and with the knowledge of the danger to human life from moving its trains at this point, and "was bound to such reasonable precaution in their management as ordinary prudence dictated to protect them" (*Barry* v. *New York Central &c. R. R. Co.*, 92 N. Y. 289).

The negligence of the defendant is predicated upon the conduct of the brakeman on the Tarrytown cars—whether he managed them in the ordinary and usual mode in which the business of the company was transacted in those yards, or whether he managed them carelessly and negligently, so that danger to the deceased was the reasonable result. There was evidence tending to show that there must have been some neglect on the part of the brakeman Bessemer in the management of these cars. There is testimony to show that the baggage car must have been struck with unusual force ; one witness testifying that during his period of service in the yard he never once saw a car struck with force sufficient to move it as the plaintiff claims this car was moved. And yet the brakeman, as he testifies, had the cars under complete control. This bears upon the question whether the brakeman was managing the cars with the care he ought to have taken, considering the time, place, condition of the atmosphere, and the persons whose duty called them upon the track, and was sufficient to justify the submission to the jury of the question of the defendant's negligence.

It is insisted by the appellant that there was contributory negligence on the part of the deceased. It is true that she had knowledge of the defendant's manner of doing business, and the movement of cars without signals or watchmen, and that she had been told that it was a dangerous place, and that she would have to be careful about crossing the tracks and getting around, as she had a great many tracks to cross and the cars were liable to be coupled together, and she would have to look out for herself. But

the witness Harold testified that when they attempted to cross the track they saw the baggage car; that they saw there was no engine attached to it and that it was twenty feet away. According to the defendant's testimony, they must have been at least ten feet from the car. They were passing over the space between the depot and the car, which was left for express wagons and others. There is nothing in this state of things to indicate a want of care. I think any prudent person would have considered that he could safely cross the track if he saw ten feet above him an empty car without any engine connected with it. There was nothing to create a sense of danger. And if the testimony of Harold is true, that they were twenty feet away, negligence could not be predicated of the act of crossing, with a car at that distance which had no engine. Such a condition of things, on the contrary, was calculated to suggest a sense of security. The question of contributory negligence was, therefore, a proper one for the jury.

The defendant excepted to the refusal of the court to allow the witness Ward to testify whether or not all persons employed about the yard, including the employés of the Wagner Company, to his knowledge, were notified that they must look out for themselves with respect to their movements and the movement of the cars. It was already in proof that the deceased, upon entering the employment of the Wagner Car Company, had been notified personally that the yard was a dangerous place, and that she must look out for herself. To prove a general notification by the defendant to the persons employed in the yard to the same effect, could not have benefited the defendant, or, I think, changed the finding of the jury on the subject of contributory negligence, to which, if admissible, it related.

Exception was also taken to the admission of the following questions:

*Q.* "It has been testified by Mr. Ward that it is a usual thing in that yard, in switching cars, to strike a stationary car and drive it ahead sometimes a car length, sometimes three feet, and that that occurred there very frequently;

stated to be as often as one hundred times a day. I ask you whether, in your experience there as a brakeman, you observed that to be so?" . . . "Did you ever know, in your experience in the employment of the defendants, of a car that was braked, standing on a track, to be driven a distance of ten feet by a collision with other cars?"

The evidence called for by these questions was competent to contradict the witness Ward, who had testified in reference to the collision of cars in the yard, and as to the distance they were driven by such collisions.

An exception was taken to the following instruction to the jury in the charge of the court: "The plaintiff claims the negligence of the brakeman to have consisted in allowing the three cars to come southward on the track at an unusual rate of speed, sufficient, when the collision with the baggage car took place, to send the baggage car southward far enough to reach the deceased, and to inflict upon her the injuries of which she died. Was that so? Whether it was or was not an unusual and dangerous change, so to speak, in the manner of transacting business, is for your decision." This was objected to on the ground that it assumed that the speed of the cars was unusual, while there was no evidence to that effect. The exception is not well taken. The proof was that the baggage car was driven a distance of ten feet at least; and there is testimony that this is an unusual distance. This warrants the inference that the speed of the cars was an unusual one.

The case was submitted to the jury in a charge that was particularly favorable to the defendant, and it does not appear that any error was committed.

The judgment should be affirmed.

CHARLES P. DALY, Ch. J., concurred.

Judgment affirmed.