## PERRY v. ERIE TRANSFER CO.

*(City Court of New York, General Term. November 25, 1892.)*

FOREIGN CORPORATIONS—ACTION BY NONRESIDENT—WHEN MAINTAINABLE.

Code Civil Proc. § 1780, provides that an action against a foreign corporation may be maintained by a nonresident only in cases (1) where the action is to recover damages for the breach of a contract made within the state, or relating to property within the state at the time of the making thereof; (2) where it is to recover real property within the state or a chattel replevied within the state; (3) where the cause of action arose within the state, except where the object of the action is to affect the title to real property situated within the state. *Held* that, in the absence of a special agreement for payment within the state, a nonresident cannot maintain an action in this state for services against a foreign corporation on a contract made at defendant's home office, though the services were performed in this state.

Appeal from trial term.

Action by Oliver H. Perry against the Erie Transfer Company. Plaintiff had judgment, and defendant appeals. Reversed.

For decision of the general term of the common pleas, on appeal by defendant from a judgment of the general term of the city court, see 19 N. Y. Supp. 239.

Argued before FITZSIMONS and NEWBURGER, JJ.

*Andrew Wesley Kent,* for appellant. *Strong & Cadwalader,* for respondent.

FITZSIMONS, J. The plaintiff is a resident of New Jersey. The defendant is a New Jersey corporation, having an office in this city. The plaintiff, who is a truckman, contracted with defendant in his office in Jersey City to furnish defendant with horses and trucks as required. The principal part of the trucking was done in this city. Plaintiff sues for trucking done in the months of September and October, 1890. Defendant submitted no testimony, and by direction of the court the jury rendered a verdict for plaintiff for $281.98. At the close of plaintiff's case, defendant moved to dismiss the complaint on the grounds that the court had no jurisdiction; that the plaintiff could not maintain the action, because he was a nonresident and the defendant a foreign corporation; that plaintiff had not shown that the contract of hire was made in New York, or that there was any agreement that the price should be paid in New York city,—which motion was denied. In denying this motion, we think that the trial justice erred. The contract of hiring was entered into in Jersey City, and the defendant was not bound to pay for such hiring in this city, not having contracted to pay here. Therefore it seems to us clear that the contract having been made in New Jersey, its breach, if any, must have occurred there, and the plaintiff and the defendant both being residents of that state, this court has no jurisdiction of this action, it not being included in section 1780 [1] of the Code of Civil Procedure. That the plaintiff is mistaken in his statement that the allegations in his complaint, to the effect that it was expressly or impliedly agreed that the defendant should pay for said hiring in the city of New York, is not denied. On the contrary, the defendant's answer positively denies that allegation, and

---

[1] The section provides: "An action against a foreign corporation may be maintained by a resident of the state, or by a domestic corporation, for any cause of action. An action against a foreign corporation may be maintained by another foreign corporation, or by a nonresident, in one of the following cases only: (1) Where the action is brought to recover damages for the breach of a contract, made within the state, or relating to property situated within the state, at the time of the making thereof. (2) Where it is brought to recover real property situated within the state, or a chattel which is replevied within the state. (3) Where the cause of action arose within the state, except where the object of the action is to affect the title to real property situated without the state."

therefore plaintiff was required to prove the same, that being a natural allegation, which he failed to do. The complaint should have been dismissed. Judgment is therefore reversed.