THOMAS J. CONLAN, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*Railroads — negligence — injury to an employee of the consignee of a car — he is not a fellow-servant of a brakeman — evidence.*

> | 74 | 115 |
> | 148a | 748 |

> | 74h | 115 |
> | 67 AD[4]216 | |

> | 74h | 115 |
> | 73 AD[5] 37 | |

An employee of the consignee of a freight car, who voluntarily receives the car near his employer's premises, and undertakes to move it himself to the point where it is to be unloaded, instead of requiring the servants of the railroad company to move it, as he might have done, does not occupy the position of a servant of the railroad company nor as such does he assume the risk of negligence on the part of an employee of the railroad company on the theory that they are fellow-servants.

An employee of the owner of an elevator, for whom a railroad company maintains a switch to bring cars opposite the elevator, who, in the performance of his employment, undertakes to move railroad cars to the elevator from a point where they have been left by servants of the railroad company by direction of such employee for the purpose of being unloaded, and is, while so engaged, injured by the backing of a train upon him, is not at the place of the accident merely by the license of the railroad company, but is there rightfully and is engaged in doing a lawful act.

When, in an action brought by an employee of the owner of an elevator to recover from a railroad company the damages resulting from a personal injury alleged to have been caused by the defendant's negligence, the evidence justifies the jury in finding that the plaintiff received from the defendant's brakeman, apparently in charge of the train, cars consigned to his employer, and that while the plaintiff was lawfully engaged in moving the cars for unloading, having told the brakeman that he would do so, the defendant backed its train down upon him without any signal or warning, the question of the defendant's negligence should be submitted to the jury.

When, in such an action, it appears that the plaintiff had notified the defendant's servant in charge of the train of his intention to move the detached car, it cannot be said, as a legal conclusion, that the plaintiff under the circumstances was bound to watch for trains backing up against the car where he was at work, or that it was negligence not to anticipate the approach of the train which injured him.

In such an action the trial court may properly refuse to charge the jury "that if the plaintiff could have put himself in a position where by looking he could have seen these cars coming, and he did not put himself in such a position and did not look, that it was negligence upon his part;" and the court may properly instruct the jury that while the defendant railroad company was not required to ring a bell, and the failure so to do was not negligence on its part, it was for the jury to find whether proper notice was given the plaintiff, and that if they found notice ought to have been given him under the circumstances, they might take into consideration the fact that the bell was not rung nor any signal given.

Where the testimony authorizes the jury to find that the defendant's brakeman at the time in question was in fact acting as the conductor, or was in charge, of the train that injured the plaintiff, it is proper for the court to charge that if the jury find that the brakeman failed in the discharge of his duty to the plaintiff and represented the defendant, his negligence might be imputed to the defendant.

APPEAL by the defendant, The New York Central and Hudson River Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Ulster county on the 21st day of April, 1893, upon a verdict rendered at the Ulster Circuit, and also from an order entered in said clerk's office on the 19th day of April, 1893, denying the defendant's motion for a new trial made upon the minutes.

The action was brought to recover the damages resulting from a personal injury alleged to have been sustained by the plaintiff through the defendant's negligence.

It appeared that the plaintiff, on or about July 8, 1892, was an employee of Everett & Treadwell, flour and feed merchants of the city of Kingston. Their place of business is on the easterly side of Union avenue, south of the West Shore railroad tracks, leased and operated by the defendant. From the West Shore railroad to their building there is a switch constructed on the property of the West Shore road. This switch was built for the convenience of Everett & Treadwell, and furnished a place for the accommodation and unloading of cars consigned to them. Along this building there were scales to weigh the cars, and two openings into the building, at each of which there was a hopper. At the rear of the building there was a private crossing, over which the customers of Everett & Treadwell could drive, and between this crossing and the end of the switch there was room for two cars. The switch is near the

railroad track, upon which cars are constantly running. It was the duty of the plaintiff to attend to the weighing and unloading of the cars, and when they were not "spotted" or in front of the hopper, to put them there.

On the day aforesaid the defendant had backed a car in, and the plaintiff required that it be "spotted," that is, placed on the scales. The switching crew did not succeed after three or four attempts in so doing, and so the plaintiff told the brakeman to cut loose the rest of his train from this car, and that he, plaintiff, would spot the car himself, and pinch it back. The brakeman then cut the car loose, and after that the engine and cars moved out. The plaintiff went into the building to get his pinchbar to do as he told the brakeman he would — came out, and went to work to pinch the car which lay nearer Union avenue further on the switch, to get it clear of the car which they had attempted to spot. While he was so engaged the train backed down upon him and he was injured.

*Ashbel Green* and *F. L. Westbrook*, for the appellant.

*G. D. B. Hasbrouck*, for the respondent.

PUTNAM, J.:

It is claimed by appellant that plaintiff, having directed the brakeman in charge of defendant's train to uncouple the cars, and offered to place them himself where he (plaintiff) wanted them, should be deemed a fellow-servant of the brakeman, and as assuming the risks incident to the business, including that of the negligence of his fellow-servant or brakeman. That plaintiff, having volunteered to do the work of the employee òf defendant, should not impose on it a greater liability than that for which it was liable to its own servant, and hence it was not liable for the negligence of the brakeman, if any. We think this position is not well taken. Plaintiff, at the time he was injured, was a servant in the employ of Everett & Treadwell. Defendant switched two cars down to the scales. After two or three attempts it failed to place the cars on the scales, and plaintiff then, as the agent of Everett & Treadwell, received the cars from defendant on the track near the scales, and offered to place them there himself. In the transaction he acted merely for Everett & Treadwell, voluntarily receiving the cars for that firm near the scales

instead of on them.   Acting for Everett & Treadwell, he relieved the
company from doing what he might have required them to do.   In
spotting two cars he was not acting for defendant, but for his
employers.   Hence, he did not occupy the same position as a fellow-
servant.   Had he not been in the employ of Everett & Treadwell,
and voluntarily offered to aid the servants of the defendant in dis-
charging their duties, the case might have been otherwise.   Then,
perhaps, he would have occupied the position of a servant of defend-
ant doing the work without compensation.

Such was the case of *Degg* v. *Midland R. Co.* (40 Eng. L. &
Eq. 367) and other cases cited by the learned counsel for appel-
lant on this point.

We think the evidence in the case was such as to present a ques-
tion of fact as to whether or not the injury to plaintiff was caused
by defendant's negligence, which was properly submitted to the jury
by the learned trial judge.   The plaintiff was rightfully where he was
injured as an employee of Everett & Treadwell.   He testifies : " It
was my business to place that car where I wanted it.   It was my
business to unload these cars, and to pinch the cars to accommodate
myself to the elevator.   I had to get it directly in front of this
elevator.   Q. Then your occupation required your presence on the
rails?   A. Yes, sir."   The switch through which the cars were run
to the place of the accident was placed for his employers in order
to transport cars opposite their place of business.   The cars were
left, near the scales by defendant's servants, in charge of plaintiff at
the place selected by defendant for unloading them.   Plaintiff was
not at this place merely by license of defendant, as in the case of
*Nicholson* v. *E. R. R. Co.* (41 N. Y. 525), but was rightfully there
and doing a lawful act.   If he had been there, however, merely by-
license of defendant it was liable if it injured him by a careless or
heedless act.   (*Nicholson* v. *The Erie R. R. Co.*, *supra*, 532,
533.)

Hence, the jury were justified, from the evidence, in finding that
the plaintiff received the two cars from defendant's servant — the
brakeman who appeared to have charge of the train — and was
lawfully engaged in moving the same, having told the brakeman he
would do so ; and that while plaintiff was so engaged, and a very brief
period after he commenced the moving, defendant backed its cars

down upon him without any signal or warning of any kind. We think the case, therefore, as to defendant's negligence, was one properly submitted to the jury. The defendant was bound to exercise proper care in the management of its cars so as not to injure the plaintiff. (*Young* v. *N. Y. C. & H. R. R. R. Co.*, 13 Daly, 294; 103 N. Y. 678.)

The question as to plaintiff's contributory negligence was also properly left to the jury. All the circumstances relating to the accident were proved and they raised a question of fact. We cannot determine as a legal conclusion that plaintiff, under the circumstances, was bound to watch for trains backing up against the cars where he was at work, or that it was negligence not to anticipate the approach of the train which injured him, he having notified defendant's servant of his intention to spot the two cars. (See *Newson* v. *N. Y. C. R. R. Co.*, 29 N. Y. 383; *Feeney* v. *L. I. R. R. Co.*, 116 id. 375–379.)

Where the facts are all before the jury it is only in unusual cases that the question of contributory negligence can be taken from them. (*Massoth* v. *D. & H. C. Co.*, 64 N. Y. 529.)

There was testimony in the case from which the jury might have concluded that the plaintiff did not exercise proper care at the time of the accident, but such evidence was not so conclusive as to justify the trial court in passing on the question as one of law.

We think the court below properly instructed the jury on the question of contributory negligence. The request of defendant to the court to charge the jury "that if the plaintiff could have put himself in a position where, by looking, he could have seen these cars coming, and he did not put himself in such a position and did not look, that it was negligence upon his part," was properly refused. If the court had been asked to instruct the jury that if plaintiff, where he was at work, by looking, could have seen the cars coming, and did not look, *or, while doing the work*, could so have placed himself as to have seen the cars approaching, and did not do so, it possibly might have been the duty of the court so to charge. The cases cited by appellant upon this point are those where accidents occurred to travelers crossing railroad tracks, and hence are not applicable to this case.

We think the trial judge correctly instructed the jury when requested to charge that the defendant was not required to ring a bell, and not ringing a bell was not negligence on its part. The judge remarked: " I leave it to the jury to say whether, under the circumstances as proven here, the brakeman did his duty in permitting his train to come in without giving the plaintiff any notice, either by ringing the bell, blowing a whistle, or any other signal which might have attracted his attention. I do not charge that it was their duty to ring a bell or blow a whistle. * * * It is for the jury to say whether proper notice was given, and if they find notice ought to have been given him under the circumstances, they may take into consideration the fact that the bell was not rung or other signal given." It was a question of fact whether the defendant was negligent. It was proper to show all the facts; that the bell was not rung or the whistle blown, or any other signal given. These facts bear on the question of defendant's negligence.

We also think the trial judge did not err in that portion of his charge wherein he referred to the brakeman. Among other things, he said: " If you find that he did fail in the discharge of his duty to the plaintiff, and he represented the defendant so far as the defendant is concerned in this action, his negligence is negligence upon the part of the defendant."

The testimony in the case was such that the jury were authorized to find that the brakeman, at the time in question, was in fact acting as the conductor of the train that injur̃ed the plaintiff, at least that he was in charge of the train. Under defendant's rules as sworn to by Wattson, he could have charge of such a train. Wattson says: " The conductor instructs his brakeman that they are going to put a car on a certain siding, and the brakeman or the conductor gives the engineer a signal to move ahead or move backward, as the case may be, and in answer to that signal the engineer moves his engine and switches the car. In answer to either the signal from the brakeman or the conductor, the brakeman, when a train operated, may be either on the top of the car or he may be on the ground." That the brakeman was in the apparent charge of the train was shown by the evidence. Therefore, the remarks of the trial judge, to which the appellant takes exception, were justified. If the brakeman uncoupled the cars and moved the train

back to the switch, and backed it up so as to injure the plaintiff, he represented the defendant, and it is liable for his negligence.

We conclude that no error was committed upon the trial, and that the judgment should be affirmed, with costs.

MAYHAM, P. J., and HERRICK, J., concurred.