THOMAS FLYNN, Respondent, *v.* THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, Appellant.

As at the time of the ratification of the judiciary article of the State Constitution, which provides that the Superior Court of New York is continued "with the powers and jurisdiction" it then had (§ 12, art. 6), said court had jurisdiction of an action by a resident of the state, although not a resident of the city, against a foreign corporation to recover damages for personal injuries caused by negligence (Code Pro. § 427), said court has now jurisdiction of such an action, notwithstanding the provision of the Code of Civil Procedure (sub. 7,

§ 263 in reference to the jurisdiction of superior city courts. Any legislation attempting to limit the jurisdiction is unconstitutional.

One inviting another upon his premises does not thereby become the absolute insurer of the safety of the other except as against his own negligence.

The owner of premises occupied for business purposes, as a general rule, is simply required to use reasonable prudence and care to keep his property in such a condition that those who go thereon shall not be unreasonably and unnecessarily exposed to danger.

Plaintiff, a grain shoveler, was employed on board a grain elevater lying alongside one of defendant's piers in transferring grain to a car standing on a track. Between that track and the elevator was another track upon which empty cars were standing. Between two of these cars a space was left through which those employed in loading said car passed to and fro. While plaintiff was passing through this space the empty cars were suddenly forced together and he was injured. In an action to recover damages, the court charged in substance that the rule of law is, if a person invites another to come upon his premises, which he controls, "he is responsible for any injury which ensues  *  *  *  unless the fact is that the person is negligent himself." *Held*, error.

(Argued April 20, 1894; decided June 5, 1894.)

APPEAL from judgment of the General Term of the Superior Court of · the city of New York, entered upon an order made February 6, 1893, which affirmed a judgment in favor of plaintiff entered upon a verdict, and also affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George Holmes* for appellant. The court below had no jurisdiction either of the person of the defendant or the subject of the action. (Code Civ. Pro. § 263.) In order to recover the plaintiff must show that defendant owed him a duty, the neglect of which caused the injury, and this proof must be by direct evidence, or by proof of facts from which the inference of negligence can be legitimately drawn by the jury. (*McCaffrey* v. *R. R. Co.*, 47 Hun, 404; *Cotton* v. *Wood*, 8 C. B. [N. S.] 568.) There was contributory negligence on the part of the plaintiff sufficient as matter of law to

defeat a recovery. (*Grippen* v. *R. R. Co.*, 40 N. Y. 44; *Heaney* v. *L. I. R. R. Co.*, 112 id. 126.) There was no proof of proper caution by the plaintiff, and his proofs disclosed want of proper care. (*Tolman* v. *R. R. Co.*, 98 N. Y. 202; *Weston* v. *City of Troy*, 139 id. 282.)

*Edmund R. Terry* for respondent. The court below had jurisdiction. (*Flynn* v. *C. R. R. Co.*, 27 Abb. [N. C.] 31.) The plaintiff cannot be considered negligent in relying upon the implied agreement of the defendant to guard him from injury, even though it once before conducted itself in a contrary manner. (*Newson* v. *N. Y. C. R. R. Co.*, 29 N. Y. 389, 390; *Roll* v. *N. C. R. Co.*, 15 Hun, 502; 80 N. Y. 647; *Ominger* v. *N. Y. C. & H. R. R. R. Co.*, 6 T. & C. 500; *Ernst* v. *H. R. R. R. Co.*, 35 N. Y. 28; 39 id. 61; *St. Peter* v. *Denison*, 58 id. 416; *Weber* v. *N. Y. C. & H. R. R. R. Co.*, 58 id. 451; *Gordon* v. *G. S. R. R. Co.*, 40 Barb. 550.) The defendant invited the plaintiff to use this passage between the cars, and is, therefore, answerable for anything in the nature of a trap that existed therein, by reason of which the plaintiff while using ordinary care was injured. (*Beck* v. *Carter*, 68 N. Y. 292; *Nicholson* v. *E. R. R. Co.*, 41 id. 537; *Larmore* v. *C. P. I. Co.*, 101 id. 395.) There was no common master of the plaintiff and the other men employed and at work on the pier, and though with regard to the place of service, they were neighbors, they were not co-servants. Each was, therefore, entitled to protection. (*Sullivan* v. *T. R. R. Co.*, 112 N. Y. 648; *Stevenson* v. *A M. S. S. Co.*, 57 id. 108.) The defendant was bound to see that its affairs necessary to be carried on, on and about its pier and cars, were so conducted that other persons should not receive injury. (*Althorf* v. *Wolfe*, 22 N. Y. 365; *Cordell* v. *N. Y. C. & H. R. R. R. Co.*, 64 id. 538; *Grippen* v. *N. Y. C. R. R. Co.*, 40 id. 42; *Smith* v. *B. & N. A. R. M. S. P. Co.*, 86 id. 413; *Bunnell* v. *Stern*, 122 id. 543.) The pier and cars were under the control of the defendant, and the accident was one that would not happen

in the ordinary course of business, if reasonable care was used by the defendant, and, therefore, in absence of explanation, it affords presumptive evidence of want of care on the part of the defendant. (*Cosulich* v. *S. O. Co.*, 122 N. Y. 127; *Breen* v. *N. Y. C. & H. R. R. R. Co.*, 109 id. 300.) The defendant is chargeable also with knowledge of the danger to human life from the movement of its cars at this place. (*Barry* v. *N. Y. C. & H. R. R. R. Co.*, 92 N. Y. 292; *Dist. Nicholson* v. *E. R. Co.*, 41 id. 525.) The liability of the defendant for the damages sustained by the plaintiff, owing to injuries incurred through its negligence, does not depend necessarily upon any contractual relation between them directly. (*Thomas* v. *Winchester*, 6 N. Y. 410; *Coughtry* v. *G. W. Co.*, 56 id. 127; *Devlin* v. *Smith*, 89 id. 477, 478.) The contributory negligence of persons unconnected with the plaintiff cannot be imputed to the plaintiff, as contributory negligence. (*Webster* v. *H. R. R. R. Co.*, 38 N. Y. 262; *Sheridan* v. *B. & N. R. R. Co.*, 36 id. 39.) If the plaintiff was injured through the negligence of the defendant in failing to provide and keep this passage safe and secure for the plaintiff's use, the fact that he was injured through the negligence of the men employed in moving the asphaltum cars, does not relieve the defendant from this responsibility. (*Hardy* v. *City of Brooklyn*, 90 N. Y. 441; *Pollett* v. *Long*, 56 id. 206; *Pastene* v. *Adams*, 49 Cal. 87; *Lowery* v. *M. R. Co.*, 99 N. Y. 163; *Slater* v. *Mersereau*, 64 id. 146; *Barrett* v. *T. A. R. R. Co.*, 45 id. 631.)

BARTLETT, J. The plaintiff sues to recover damages for alleged personal injuries. The case was tried in the Superior Court of the City of New York, a jury finding a verdict of $2,500 for the plaintiff. The judgment entered upon the verdict was affirmed by the General Term. A preliminary point was taken at the trial and argued on this appeal challenging the jurisdiction of the Superior Court of the City of New York either of the defendant or the subject of the action. It is claimed that, as the plaintiff at the date of com-

mencing the action was a resident of the city of Brooklyn,. the defendant a foreign corporation, and the cause of action one that accrued in New Jersey, the court under section 263, subdivision 7 of the Code of Civil Procedure had no juris-diction. This section deals with the jurisdiction of superior city courts. Subdivision 7 extends it " To an action by a. resident of that city against a foreign corporation, either (1) to· recover damages for the breach of a contract, express or implied, or the sum payable by the terms of a contract, express or implied, where the contract was made, executed or deliv-ered within the state ; or (2) where a warrant of attachment granted in the action has been actually levied within that city upon property of the corporation ; or (3) where the summons is served by delivery of a copy thereof, within that city, to an officer of the corporation, as prescribed by law."

It is sufficient answer to this objection that the jurisdiction of the Superior Court of the City of New York is defined by article 6, section 12 of the Constitution of this state, which reads in part as follows: " The Superior Court of the city of New York " (and three other courts named) " are continued with the powers and jurisdiction they now severally have, and such further civil and criminal jurisdiction as may be conferred by law."

This article of the Constitution was ratified by the People in November, 1869, and took effect in 1870. At that time the Superior Court of the City of New York had jurisdiction in an action by a resident of this state for any cause of action against a corporation created by or under the laws of any other state, government or country. (Code of Procedure § 427.) Any legislation limiting this jurisdiction is unconstitutional.

This court in *Popfinger* v.. *Yutte* (102 N. Y. 38) held sub-division 5 of section 263 of the Code of Civil Procedure unconstitutional as being in conflict with the provision of the Constitution already cited. We hold the Superior Court of the City of New York had jurisdiction of this action. We now come to the consideration of this appeal on the merits.

The plaintiff, a grain shoveler, at the time of his injury

was employed by the firm of Edward Annan & Co., on board of one of their grain elevators, engaged in transferring grain from a canal boat to the cars of the defendant's road. The elevator was made fast to one of defendant's piers in Jersey City, and the canal boat laid at the side of the elevator away from the pier, while the cars on which the grain was being loaded stood on a track of defendant's said piers. Between these cars and the side of the pier to which the elevator was secured was another track on which stood empty cars which were in the control of defendant, but with which plaintiff and his employers had nothing to do. In loading the grain it was necessary for plaintiff and others to pass frequently from the elevator to the cars being loaded, and for convenient passage a space of about six feet had been left between two of the cars standing on the intermediate track. While plaintiff, in the discharge of his duty, was passing through this space the cars were suddenly forced together and he was very seriously injured. This is an outline of the facts as alleged by plaintiff, and to some extent controverted by the defendant, and concerning which a large amount of evidence was submitted to the jury. As we are of opinion that there was legal error in the learned trial judge's charge to the jury which leads to the reversal of this judgment it is unnecessary to consider many of the questions discussed on the argument and in the briefs of counsel. The main question in this case is whether, upon the facts submitted to the jury, the defendant is liable. The court charged as to the rule of law governing this liability as follows : " The rule of law is that if a person invites another to come upon the former's premises, and premises which the former controls, he is responsible for any injury which ensues from the other person going upon those premises where he is invited. And it is so in this case." The defendant's counsel excepted to this part of the charge, and the court said : " I repeat that unless the fact is that the person is negligent himself." The effect of this charge was to practically instruct the jury that if one invites another upon his premises he becomes the absolute insurer of his safety unless the person invited is

guilty of negligence. There is no such rule of law, and it is impossible to say that the jury were not misled by this part of the judge's charge. The general rule applicable to persons occupying real property for business purposes is that they must use reasonable prudence and care to keep their property in such a condition that those who go there shall not be unreasonably and unnecessarily exposed to danger. The measure of their duty is reasonable prudence and care. (*Larkin* v. *O'Neill*, 119 N. Y. 225; *Newell* v. *Bartlett*, 114 id. 399; *Hart* v. *Grennell*, 122 id. 374; *Ackert* v. *Lansing*, 59 id. 646.)

We regret the necessity for reversing this judgment, as this is a case peculiarly within the province of a jury to decide, and we express no opinion on the merits. If another trial is had it will be for the jury to determine the precise state of facts under which the plaintiff entered upon the pier of the defendant, and received the injuries of which he complains; and it will be the duty of the trial judge to instruct the jury as to the rules of law applicable to the facts as found.

The judgment and order appealed from are reversed, and new trial ordered, with costs to abide the event.

All concur.

Judgment reversed.