## BLACK v. MAITLAND.

(Supreme Court, Appellate Division, Second Department. December 22, 1896.)

1. DEFECTIVE PREMISES—INJURY TO THIRD PERSONS—LIABILITY OF LANDLORD.
    A lessor of business premises, who does not undertake to keep the same in repair, is not liable to a stranger for injuries caused by a defect in a platform leading from the sidewalk into the building, in the absence of evidence that the defect was in existence when the lease began, or that the lessor had notice of it, or that the platform originally was not adequate and safe for the purposes for which it was designed.

2. SAME—REASONABLE CARE.
    The owner or occupant of business premises is bound to use only reasonable care to keep the entrance thereto in a safe condition.

Appeal from trial term, Westchester county.

Action by Truman A. Black against Thomas A. Maitland to recover for personal injuries. From a judgment entered on a verdict in favor of plaintiff, defendant appeals. Reversed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Charles Gibson Bennett, for appellant.
Frederick W. Clark, for respondent.

BRADLEY, J. The plaintiff, by his complaint, alleges that a certain building owned by the defendant, and which he had rented to a tenant for the purpose of a store, was occupied by the latter as such on the 21st day of February, 1895; that the approach to the door of the store from the sidewalk was over a floor or platform constructed of iron and glass, covering a small vault beneath; that the glass was broken and dangerous, and that the plaintiff, in passing out of the store on that day, and without fault on his part, stepped upon one of the plates of glass, which gave way, and he was thereby injured. He also charges negligence of the defendant. Issue is taken by the answer. Consistently with the allegation of the answer, it appeared by the evidence that this glass covering of the opening beneath it, to give light to the basement, was not in the sidewalk, but was inside of it, and was not, by reason of the conditions as they existed, available for use as such by people passing along the walk. It was in the approach leading from the sidewalk

into the store, and used in entering and departing from it. It also appears that the building had, at the time in question, been occupied by tenant or tenants of the defendant for some years. It may be assumed, although there was no evidence on the subject, that this glass covering had at some time been placed there by the defendant; but it does not appear that he undertook to keep the premises in repair, nor is there any evidence to the effect that this glass surface, unless or until it became defective for some cause, was not entirely adequate and safe for the purpose and use for which it was designed. There is no evidence to warrant the inference that it had become defective, unsafe, or dangerous at the time the occupation of the tenancy commenced, or that the defendant was advised that it had become so prior to the time of the accident. The only evidence as to the time it became impaired was that of one of the persons staying there, that a slight crack was observable in the glass a day or so before the injury to the plaintiff, and that until then the witness had no knowledge that it was not in perfect condition. No support, therefore, is seen in the evidence to charge the defendant with liability. Clancy v. Byrne, 56 N. Y. 129; Wolf v. Kilpatrick, 101 N. Y. 146, 4 N. E. 188.

The learned court in the charge to the jury applied to the case the rule of liability of adjacent owners, charged with the duty of maintaining sidewalks in public streets, for injurious consequences resulting to others from their defective condition, and therefore did not deem the negligence of the defendant as a fact essential to recovery by the plaintiff. This was error. Inasmuch as the place in question was no part of the sidewalk, and was not apparently open to use as such by the public, the owner or occupant was chargeable only for want of reasonable care to give safety to the use of this entrance to and into and from the building, and the burden was with the plaintiff to prove the negligence of the defendant in that respect. Hart v. Grennell, 122 N. Y. 371, 25 N. E. 354; Flynn v. Railroad Co., 142 N. Y. 439, 37 N. E. 514. The questions presented were raised by exceptions taken.

The judgment should be reversed, and a new trial granted; costs to abide the event. All concur.