Abeel, 7 Civ. Proc. R. 417; Hudson v. Spaulding [Sup.] 6 N. Y. Supp. 877); and, as they are all nonresidents, he could have had an attachment against them which would have run against the property of the association. But he has chosen to proceed against the president as such, and in that action he is confined to the remedies afforded by sections 1919–1924 of the Code. These do not embrace an attachment against the property of the association, either directly or indirectly, and they plainly exclude an attachment under sections 635 and 636.

I agree that the order should be reversed, and the attachment vacated.

(19 Misc. Rep. 100.)

### MAAS v. CUNARD S. S. CO., Limited.

(Supreme Court, Appellate Term, First Department. January 25, 1897.)

COURTS—JURISDICTION OF CITY COURT OF NEW YORK.

The city court of New York has jurisdiction of an action by a resident of the state, but not of the city, against a foreign corporation, on a cause of action which arose outside the city, as the only limitation of the jurisdiction of actions against foreign corporations given to that court by Code Civ. Proc. § 315, is the provision of section 1780, that "a resident of this state" may sue a foreign corporation "for any cause of action."

Appeal from city court of New York.

Action by Henry Maas against the Cunard Steamship Company, Limited, for loss of baggage. From a judgment of the general term of the city court (41 N. Y. Supp. 1122) affirming a judgment of the trial term on a verdict in favor of plaintiff, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Lord, Day & Lord (L. S. Haslam, of counsel), for appellant.
Mashbir & Cukor (Morris Cukor, of counsel), for respondent.

McADAM, J. The action is against the defendant, a foreign corporation organized and existing under the laws of Great Britain, having property and an office for the regular transaction of business in the city of New York, to recover damages for the nondelivery at the port of New York of certain baggage intrusted to the care of its agents at Hamburg, Germany, for transportation as aforesaid. The trial and appeal in the court below having resulted favorably to the plaintiff, the defendant contends that, because the contract was made abroad, and the plaintiff resided in the city of Brooklyn, the city court, being a local court, having no power to send original process out of the county, had no jurisdiction of the action. There is no statute so circumscribing the jurisdiction of the city court. Section 315 of the Code expressly confers jurisdiction upon that court in an action against a foreign or domestic corporation, and the only limitation on the power thus given (so far as the question raised is concerned) is contained in section 1780, which provides that "an action against a foreign corporation may be maintained by a resident of this state * * * for any cause of action." Under this last provision it was held that the superior court of the city of New York, though a local court, had jurisdiction of an action

by a resident of Brooklyn against a foreign corporation on a cause
of action arising without the state (Flynn v. Railroad [Super. Ct. N.
Y.] 15 N. Y. Supp. 328); and on appeal from a judgment subse-
quently recovered in the case cited the court of appeals held that
this construction was right (142 N. Y. 439, 37 N. E. 514).    Perry v.
Transfer Co., 1 Misc. Rep. 208, 20 N. Y. Supp. 891; Id., 4 Misc. Rep.
598, 23 N. Y. Supp. 878; Id. (Com. Pl.) 19 N. Y. Supp. 239,—is inap-
plicable, for the plaintiff there was a nonresident of the state.    The
plaintiff here is a resident of the state.

The objection stated is the only one urged, and, as it is without
merit, the judgment must be affirmed, with costs.    All concur.