JOHN J. WILSON, Appellant, *v.* JOHN P. OLANO, Respondent.

*Negligence — liability of an owner to a person who is upon his premises by invitation and not as a trespasser or a licensee.*

One Wilson, an employee of a truckman, who was engaged in removing from the warehouse of John P. Olano a quantity of furniture belonging to a third party, which had been stored therein, carried the furniture to the sidewalk and was directed by Olano to carry a picture back into a certain room of the warehouse, into which he was shown by Olano. In walking backwards while carrying the picture into this room, which was quite light, Wilson fell through an open trap door, which there was evidence tending to show was not open when Wilson had previously entered the room.

*Held*, in an action brought by Wilson against Olano to recover damages for the injuries thus sustained, that Wilson was not a trespasser, or a mere licensee, but a person as to whose safety Olano, having invited him upon the premises, was bound to use reasonable care and prudence; and that the question as to the liability of Olano, under the circumstances, should have been submitted to the jury.

APPEAL by the plaintiff, John J. Wilson, from a judgment of the County Court of Kings county in favor of the defendant, entered in the office of the clerk of the county of Kings on the 22d day of June, 1897, upon the dismissal of the complaint by direction of the court after a trial before the court and a jury.

The action was brought to recover damages for personal injuries resulting to the plaintiff from the alleged negligence of the defendant.

*J. G. Tighe*, for the appellant.

*George C. Case*, for the respondent.

GOODRICH, P. J.:

In August, 1896, the plaintiff and a man named Howe were working for one Sanders, a truckman who was engaged in removing from the storage warehouse of the defendant a quantity of furniture belonging to one Thompson and stored in the warehouse. The men carried the furniture to the sidewalk and loaded a part of it upon the truck. Among the articles was a large picture for which there was not sufficient room on the truck. The defendant was on the sidewalk and told the men to carry the picture back into a room

on the ground floor. Howe, one of the plaintiff's witnesses, testified as follows: "Mr. Olano gave instructions to bring it around into the storehouse. He said, 'take it around and leave it in that room till you come back.' The storeroom where the man fell. He came around and showed us and went outside. He showed us to place it up against the wall in the room where the man fell down. Mr. Olano went in there with us. * * * Yes, Mr. Olano showed us into the room where the picture was to go. We saw at that time no trap door open. He directed us to put the picture near the wall where the trap door was. * * * Yes, Mr. Wilson was with us when Mr. Olano pointed out where to put the picture. Redirect by Mr. Tighe. * * * There was no opening in the floor at that time visible. There was no trap door in sight."

Howe and the plaintiff carried the picture, Howe at the after end and the plaintiff at the forward end and walking backwards. The place pointed out by the defendant was at the further side of the room which was quite light. The trap door spoken of was open and either flat upon the floor or up against the wall. The opening was large enough to take in bureaus and large furniture. A flight of stairs led into the cellar below. As Howe and the plaintiff were carrying the picture the plaintiff fell through the opening and received serious injuries.

At the close of the plaintiff's evidence the defendant moved for a dismissal of the complaint on the ground that the plaintiff was a trespasser, or, at most, a mere licensee, and was on the premises without invitation, expressed or implied; that there was no relation between the plaintiff and defendant which required the exercise of any care, or, at the most, of more than ordinary and reasonable care, and that the defendant exercised such care; that the business of the defendant did not justify the plaintiff in entering his storeroom, and that such place was not a public place.

The court said to the plaintiff's counsel, "I want to hear you on the motion to dismiss — on the question of what more was he (the plaintiff) than a mere licensee. A licensee entering a building takes it exactly as he finds it," and after argument stated that the plaintiff in entering the premises took the premises as he found them, and that the rule is that there is no liability on the part of the

defendant to the plaintiff, and dismissed the complaint. The plaintiff excepted, and from the judgment entered on this dismissal appeals.

The first question to be considered is whether the plaintiff was a mere licensee. The defendant admitted in his answer that he was "the proprietor of the Grand Central Storage Warehouse," at which the accident occurred. He was engaged in the delivery of Thompson's furniture. It is immaterial whether or not there had been a delivery of the picture to the owner by the removal of the same from the storage warehouse and its deposit upon the sidewalk into the custody of Sanders, the truckman, because subsequently thereto the defendant gave permission for its return to the warehouse and instructions to the plaintiff and his fellows to return it to a particular place, and they were doing this when the accident occurred.

It cannot be said, under such an invitation, that his duty to the plaintiff had terminated. His liability then was precisely the same as it would have been if he were originally taking in the article upon storage, and at that time gave the instructions to the men to set the picture down in the place pointed out by him in the evidence above cited. The plaintiff was not a trespasser or a mere licensee. He entered and was doing work upon the premises at the invitation of the occupant. This brings us to the question as to what is the duty of an occupant of business premises who invites a person to enter for some purpose of business.

This is not a case within the principle stated in *Larmore* v. *Crown Point Iron Co.* (101 N. Y. 391), where a person went on the land of another without invitation, but it falls within the case of *Flynn* v. *C. R. R. Co.* (142 N. Y. 439, 445), where the court held : "The general rule applicable to persons occupying real property for business purposes is that they must use reasonable prudence and care to keep their property in such a condition that those who go there shall not be unreasonably and unnecessarily exposed to danger. The measure of their duty is reasonable prudence and care.".

We have had occasion at the present term of this court to apply this doctrine in the case of *Murphy* v. *Altman* (*post*, p. 472). We do not think it necessary to consider the other questions involved, as the views expressed necessarily compel the determination that

there were questions of fact which should have been submitted to the jury, and that the dismissal of the complaint was error.

All concurred.

Judgment reversed and new trial granted, costs to abide the event.