McCARTY v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department.  May 20, 1902.)

1. ERIE CANAL—SUPERVISORY POWER—CANAL LANDS—LICENSE TO CONSTRUCT RAILROAD.

Although Const. 1894, art. 7, § 8, prohibits the legislature from selling or leasing the Erie Canal, yet under Laws 1894, c. 338, § 25, giving the superintendent of public works supervisory power over these lands and of any railroad within 10 rods of the canal, a license may be given a railroad company to construct its track and operate its cars upon such land under the direction of the state authorities.

2. RAILROADS—RIGHT TO CROSS TRACKS—TRESPASSERS.

It had been customary for many years to tie up boats at a certain point along a canal.  The only way to get to or from the place was over a railroad spur running next to the canal, over which boatmen had been in the habit of going for many years without interference.  *Held,* that a boatman in going over this track on the way to his boat was not a trespasser.

3. SAME—DUTY OF COMPANY.

Where boatmen had possessed the right and been in the habit for many years of passing along a railroad track, the company was presumed to know of this custom, and was bound to exercise reasonable care for their protection.

4. SAME—REASONABLE CARE.

A railroad company, in switching cars on a dark night, without warning or lights on moving cars, at a point where it knew pedestrians had the right and were in the habit of passing, was not exercising reasonable care.

5. SAME—CONTRIBUTORY NEGLIGENCE.

Plaintiff, in crossing a railroad track within five feet of a car, which he had seen standing at the same point during the day, was struck and injured by the car, which had been bumped into by an engine and other cars.  The night was dark, and a mill and brewery near by made considerable noise.  There was no light on the car, and no warning was given of the approaching train.  *Held,* that plaintiff's conduct did not warrant the taking of the case from the jury.

Davy, J., dissenting.

Action by Horace C. McCarty against the New York Central & Hudson River Railroad Company.  On exceptions to a judgment of nonsuit.  Ordered to be heard in the first instance by the appellate division.  Exceptions sustained.

Argued before McLENNAN, SPRING, WILLIAMS, HISCOCK, and DAVY, JJ.

Frank C. Sargent, for plaintiff.
Albert H. Harris, for defendant.

SPRING, J.  This is an action of negligence to recover for personal injuries sustained by the plaintiff by being struck and run over by a freight car of the defendant in the city of Syracuse on the 20th of June, 1901.  The plaintiff was a canal boatman in the employ of one Butler, who was operating two boats, each 96 feet in length, at the time of the infliction of the injuries.  The boats came into Syracuse on the canal on the evening of the 19th of June,

76 N.Y.S.—21

loaded with coal, and Butler and the plaintiff spent the day on the towpath and northerly side of the canal getting rid of the load on the Hastings, which was the boat in the immediate charge of the plaintiff. About 7:30 in the evening this boat was moored for the night west of the other boat, on the opposite or berm bank of the canal, which is the usual side for tying up boats in order that the traffic along the towpath will not be interfered with. On the berm bank, adjacent to where the boats were moored, were Greenway's Brewery and Amos' Flouring Mill. The lower parts of these buildings were back from the canal about 15 feet, but the upper stories projected over this open space, and were supported by columns close to the brink of the canal. Along this strip the defendant had a single spur track, which was used in connection with the mill and brewery, and this use obviously was not very extensive. During the entire day of June 20th a box freight car stood on this track undisturbed, and was observed both by the plaintiff and his employer. Early in the evening the plaintiff crossed over the spur track from his boat, the George Hastings, and walked along Franklin street, which is east of the brewery, and intersects the canal, and went to a cigar store in the city, remaining until about 9 o'clock. He then started to return to the boat by the same route, walking along close to the mill and brewery, and when within five feet of the box car he attempted to cross the track to the cabin of his boat, which was opposite the east end of the car. An engine attached to some freight cars bumped them against the standing car, backing it upon the plaintiff, dragging him under the car, and injuring him so that the amputation of both legs was necessary. The night was dark, threatening rain; the machinery in the mill and brewery was in operation, causing considerable noise; there was no light on the box car or about there, and no warning was given of the approaching train, and the plaintiff testified that he did not hear the noise of the cars or engine, and was unaware of their approach. The land where the collision occurred belongs to the state for use in connection with the canal. The blue line, which is the southerly boundary of the state land, extends about 60 feet from the south bank of the canal. It does not appear by what authority the buildings and defendant's spur track were erected upon the state lands, but they have remained as now for many years.

While the constitution prohibits the legislature from selling or leasing the Erie Canal (Const. 1894, art. 7, §.8), yet the superintendent of public works is given supervisory power over these lands and of any railroad within 10 rods of the canal "to preserve the free and public use" of the canal (Laws 1894, c. 338, § 25), which implies that a license or privilege may be accorded to a railroad company to construct its tracks and operate its cars within the blue line, but under the direction of the state authorities. We must assume, therefore, that the defendant is not a trespasser in running along next to the berm bank at this place. It is also a deduction from the evidence that the plaintiff was not a trespasser in going over this track. The boats were in the habit of tying up at the

berm bank at this point, and the only way of access to the city from them was over this track and one of the intersecting streets on either side. For 25 years boats had been moored at this precise place, and the boatmen, without interference, had gone along or over this track to and from the city, and no other route was available to them. Both the boatmen and the defendant, therefore, apparently possessed the right of user along this strip of land. The defendant must have known of the long-continued custom of the boatmen to pass over its track at this point, and it was chargeable with the duty of exercising reasonable caution for the protection of the plaintiff and others going to and from the boats fastened at the bank. Dempsey v. Railroad Co., 81 Hun, 156, 30 N. Y. Supp. 724; Conlon v. Railroad Co., 74 Hun, 115, 26 N. Y. Supp. 659, affirmed in 148 N. Y. 748, 43 N. E. 986; Flynn v. Railroad Co., 142 N. Y. 439, 37 N. E. 514. The case is distinguishable from Nicholson v. Railway Co., 41 N. Y. 525, relied upon by the learned counsel for the respondent, in that in that case the plaintiff's intestate was on the track without legal right, and no duty was imposed upon the defendant to exercise caution for his protection. The manifest distinction is that the plaintiff and the defendant in the present case, so far as we are able to gather from the record, had a lawful right over this strip of land,—the one by a license, or perhaps a user, with the assent of the state; and the other as a privilege incidental to the operation of the boats upon the canal, which was the original purpose for which the land was acquired by the state. With this relation of the parties existing, we cannot say as matter of law that the defendant, by butting its train against this car on a dark evening, without warning of its approach, exercised that measure of care which the circumstances required of it. Nor can we hold the plaintiff was chargeable with want of caution. He had seen this car standing on the spur track during the whole day. He returned from the city along the usual route. He had no intimation an engine with freight cars attached was approaching. There were no lights and no warning. The noise of the machinery in the mill and brewery may have overcome the rumbling of the freight cars. His conduct was not so incompatible with ordinary prudence as to warrant taking the case from the jury. See cases cited. Hoes v. Electric Co., 161 N. Y. 35, 25 N. E. 285; Manley v. Railroad Co., 39 App. Div. 144, 57 N. Y. Supp. 182; Eastland v. Clarke, 165 N. Y. 421, 59 N. E. 202. The plaintiff's exceptions should be sustained, and a new trial directed, with costs to the plaintiff to abide the event.

Plaintiff's exceptions sustained, and a new trial granted, with costs to the plaintiff to abide the event. All concur, except DAVY, J., who dissents.