WILLIAM N. GOODALL, Plaintiff, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Defendant.

*Contributory negligence — an employee remaining unnecessarily on railroad tracks.*

Upon the trial of an action brought to recover damages for injuries resulting from alleged negligence, it appeared that the plaintiff was in the service of the Grand Trunk railway in the defendant's switch yard; that a track in such yard was used exclusively by the Grand Trunk railway for making up its trains, and that for such purpose cars were switched on to that track by the engines of the defendant, and the trains thus made up were drawn away by the engines of the Grand Trunk railway; that before the trains were taken out of the yard it was the business of the plaintiff to take notes of the seals, numbers and initials of the cars so to be taken away, and a card was put on each car by another man who accompanied him.

The direction of the track was east and west, and on the occasion of the accident the plaintiff commenced on the north side of the west end of a train to which no engine was then attached and proceeded east to the end of the train, checking as he went, and then went back on the south side. When he approached the west end of the train he noticed that an engine and two cars had been attached to the train at that end; taking a note of the numbers and initials on the south side of these cars he passed around the engine to the north side, where he observed the seals and moved back north to look at the numbers and initials of the two cars, in doing which he stepped upon another track and was struck by a switch engine of the defendant moving westerly.

The plaintiff testified that he did not hear the engine as it approached, and there was evidence tending to prove that while it was the custom in the yard to ring the bells of the engines when they proceeded to move in any direction, the bell upon the engine which struck the plaintiff was not rung on that occasion, and that the engineer was not looking in the direction in which his engine was moving. The distance between the track occupied by the Grand Trunk train and the track north of it was seven and a half feet, and the projection of that train over the line of the rail was two feet; the evidence of the plaintiff was to the effect that he was required to step back from the train to get the numbers and initials on the cars, and that before he did so he looked east and saw the engine standing at a place 366 feet from where he was. The man who was with

the plaintiff when he went around to the north side of the train at the west end left him to get cards to put on these cars, and when he had gone easterly about 180 feet he met the engine which was slowly moving west, and he then shouted, with no apparent effect upon the plaintiff. The time that the plaintiff occupied in taking note of the numbers and initials of the two cars appeared to have been longer than was necessary.

*Held,* that if the performance of his duties required the plaintiff to step upon the track north of the train his doing so did not charge him with negligence if there was then no apparent danger to be apprehended, but that the track was not a place at which he should remain after he had accomplished what his position there fairly required of him;

That the evidence did not fairly permit the conclusion that he had used the reasonable care required of him under the circumstances, and that he was guilty of contributory negligence.

MOTION by the plaintiff, William N. Goodall, for a new trial on a case containing exceptions, ordered to be heard at the General Term in the first instance, upon the dismissal of the complaint directed by the court after a trial at the Niagara Circuit before the court and a jury.

The action was brought to recover damages for personal injuries resulting from the alleged negligence of the defendant by reason of which the plaintiff was struck by one of defendant's engines.

*W. E. Willey,* for the plaintiff.

*Charles A. Pooley,* for the defendant.

BRADLEY, J. :

The plaintiff was in the service of the Grand Trunk Railway Company in the defendant's switch yard in the city of Niagara Falls. A track in the yard was used exclusively by the Grand Trunk Company for making up its trains, on to which track for that purpose cars were switched by the engines of the defendant, and the trains thus made up on that track were drawn out and across the river by the engines of the Grand Trunk Company, but, before taking the trains out of the yard, notes of the seals, numbers and initials of the cars were taken. It was the business of the plaintiff to do this. He was termed the car-checker, and a card was put on each car by another man who accompanied him in the service.

On March 22, 1894, while engaged in doing this, the plaintiff was struck by an engine of the defendant and injured.

The direction of the track is east and west. On the occasion in question the plaintiff commenced on the north side at the west end of the train (no engine being then attached to it), and proceeded east to that end of it, checking as he went, and then went back on the south side. When he approached the west end he observed that an engine and two cars had been attached to the train at that end; he took a note of the numbers and initials on the south side of those cars and passed around the engine to the north side. He observed the seals and moved back north to look at the numbers and initials of the said two cars, and, in doing so, he stepped upon another track where he was struck by a switch engine moving westerly. It is very likely that he was not observed by the engineer. His evidence is that he did not hear the engine as it approached. There is evidence tending to prove that it was the custom in the yard to ring the bells of the engines when they proceeded to move in any direction; that none was rung on this occasion upon the engine which struck the plaintiff, and that the engineer was not looking in the direction his engine was moving. The evidence was, therefore, sufficient to impute negligence to the engineer of the defendant. The plaintiff was nonsuited upon the ground that it did not appear that the accident was not attributable to his contributory negligence.

The distance between the track occupied by the Grand Trunk train and the track north of it was seven and a half feet. The projection of that train over the line of the rail was two feet. The evidence of the plaintiff is to the effect that he was required to step back from the train to get the numbers and initial letters on the cars, and that before he did so he looked east and saw the engine standing at a place 366 feet from where he was. The man who was with the plaintiff when he went around to the north side of the train at the west end, started to go to the shanty after cards to put on those two cars. This shanty was some distance easterly, and when he had gone about 180 feet he met the engine going west, which was moving slowly. He then saw the perilous position in which the plaintiff was, unless his attention was called to the approaching engine, and hallooed with no apparent effect upon either the engineer or the plaintiff. The view of the learned trial justice was that the plaintiff was negligent in remaining so long as he did in the place which turned out to be one

of danger. The time he occupied in taking note of the numbers and initials of those two cars appears to have been longer than was necessary. He was on the north side of the train for that purpose when his associate, "the carder," left him, and when his associate had walked more than ten rods and the engine had thereafter moved the like distance the plaintiff was still in the place to receive his injury.

If the performance of his duties required the plaintiff to step upon the track north of the train his doing so did not charge him with negligence if there was then no apparent danger to be apprehended. But the track was not a place for him to remain after he had accomplished what his position there fairly required of him. He knew that this track, as well as other tracks in the yard, was subject to use by moving engines, and that it was for him to keep out of the way. He would not be justified in listlessly standing on the track. After he saw the engine standing 366 feet away he gave it no further attention. The question might well be asked, why did he occupy so much time to ascertain what were the numbers and initial letters indicating the ownership of the two cars? His record had been made of them in that respect from the south side of the train, and his view on the north side was taken to see that his car check as made was correct and such comparison necessitated no further entry. The plaintiff says that he was in the act of taking the numbers and initials of the cars when he was struck. As he made no entry of them, his observation of the numbers and initials of those two cars required but a very brief space of time. And in view of the uncontradicted evidence the conclusion is fairly required that the plaintiff must have delayed stepping back or in taking the numbers and initials without looking easterly immediately before doing so, else he would have seen the approaching engine, which came 180 feet from the place where it was met by his comrade who had in the meantime walked that distance from the plaintiff In like manner is indicated the length of time intervening between the time when he saw the engine 366 feet away and the time of the accident.

The learned counsel for the plaintiff urges with much force that the question of contributory negligence was on the evidence one of fact for the jury, and he cites many cases on the subject. Those

more especially relied upon by him are cases where the defendants owed some duty to the persons injured by reason of the situation in which they properly were in relation to the railroads or the tracks at the time the injuries were received. Such were *Noonan* v. *N. Y. C. & H. R. R. R. Co.* (16 N. Y. Supp. 680; 42 N. Y. St. Repr. 41); *Barton* v. *Same* (1 T. & C. 297); *Murphy* v. *Same* (118 N. Y. 527); *Sullivan* v. *Tioga R. R. Co.* (44 Hun, 304); *Dempsey* v. *N. Y. C. & H. R. R. R. Co.* (81 id. 156); *Newson* v. *N. Y. C. R. R. Co.* (29 N. Y. 383); *Goodfellow* v. *Boston, H. & E. R. R. Co.* (106 Mass. 461).

They are distinguishable from the present case by the fact that in the latter, so far as appears, the defendant was not required to assume that in the inspection or examination of the cars in the train upon the Grand Trunk Company's track, any use would be made of the adjacent track of the defendant or that there was any occasion to do so.

It was, therefore, the duty of the plaintiff to keep out of the way of engines moving upon the latter track, rather than the duty of the defendant to move them upon it in expectation that to do so might be perilous to the Grank Trunk Company's employees in the situation required by the service in which they were engaged.

The plaintiff, therefore, was not permitted to rely for his safety upon being warned by the defendant of the approach of its engine on the tracks at the place where he received his injury.

The evidence does not fairly permit the conclusion that the plaintiff used the reasonable care required of him under the circumstances. (*Young* v. *N. Y., L. E. & W. R. R. Co.*, 107 N. Y. 500; *Cullen* v. *D. & H. C. Co.*, 113 id. 667.)

The motion for a new trial should be denied.

LEWIS and WARD, JJ., concurred.

Motion for new trial denied, and judgment directed for the defendant on the nonsuit.