GEORGE BURK, as Administrator, etc., of CHARLES BURK, Deceased, Respondent, *v.* EDISON GENERAL ELECTRIC COMPANY, Appellant.

*Contributory negligence — use of a dangerous passage where a safe one could be used.*

Where two means of communication between different parts of a cellar are furnished, one of which runs under an elevator and is obviously dangerous, and the other of which is safe, a person who, for his own convenience, chooses to take the dangerous passage, and is injured by reason thereof, is guilty of such contributory negligence as precludes his recovering the damages resulting therefrom.

APPEAL by the defendant, the Edison General Electric Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 5th day of February, 1895, upon the verdict of a jury rendered after a trial at the New York Circuit, and also from an order

entered in the said clerk's office on the 31st day of January, 1895, denying the defendant's motion for a new trial made upon the minutes.

*Arthur P. Hodgkins*, for the appellant.

*Frederick W. Holls*, for the respondent.

O'BRIEN, J.:

This action is brought to recover the statutory damages for the negligence of the defendant resulting in the death of plaintiff's intestate. The deceased was at the time twenty-one years of age, and had been employed in the Ringler Brewery for nine months previous to his death. At the time of the accident the defendant company was putting an electric plant into the brewery, and in the course of its work it became necessary to hoist some heavy machinery on the elevator. This elevator runs in a shaft beginning in the cellar and extending to the top of the building. The floor of the cellar is thirty-five feet below the first floor, where the machinery was being rolled. The elevator did not quite fill the dimensions of the shaft, and when the floor of the elevator was on a level with the first floor of the building there was an interval of four and one-half inches between the edge of the car and the sill of the floor. The attention of the foreman of the defendant was called to this open space, and he was warned that the use of pieces of iron pipe as rollers, which were so small as to fall readily between the elevator and the floor, would be dangerous. Notwithstanding such warning, the defendant's employees permitted one of the iron rollers which were being used to fall through the opening into the cellar, where it struck the deceased on the head, inflicting the injuries from which he died.

The elevator shaft was situated at a point where there is a division line between the east and west cellars, which division line is a heavy wall about two or three feet thick. The elevator was inclosed in walls which were approximately six inches thick. Both the east and west cellars are places for cold storage, being in fact parts of one cellar. It is possible to pass from the east to the west cellar by means of doorways in the elevator shaft, but these doors were kept constantly closed. Besides these doors, there were two openings between the east and west cellars, one being twenty-seven inches wide and about

four feet high, and the other a full height doorway, situated about thirty-six feet from the side of the elevator shaft; neither of these openings has any door.

The deceased had been at work in the westerly cellar with another workman, washing barrels, and went from there through the regular doorway into the easterly cellar with his companion for the purpose of drinking a glass of beer. On their return they both went through the elevator shaft, and while so passing the deceased was struck by the iron roller as described. There was a rule in the brewery which forbade the employees using the elevator shaft as an ordinary passageway, but it appeared that it was frequently so used, and there was no evidence that the deceased knew of the rule, although his companion did.

The right of the plaintiff to recover upon these facts was submitted to the jury, and their verdict was favorable to the plaintiff, and from the judgment so entered and from the order denying a motion for a new trial this appeal is taken.

The question of defendant's negligence, we think, was one properly submitted to the jury, but the more difficult and serious question is, whether the facts would warrant the inference that the deceased was free from contributory negligence. The burden was upon the plaintiff of establishing, not only the negligence of the defendant, but that his intestate was free from any negligence which contributed to the accident. Was the burden thus placed upon the plaintiff of showing the absence of contributory negligence sustained?

In disposing of this question we shall assume that the deceased was not aware of the rule forbidding the use of the passage through the elevator shaft, and that he is to be held responsible only for incurring the obvious dangers which every reasonable man should anticipate from its use. If one without need or cause puts himself in a position of apparent danger, and while in that position suffers an injury resulting in death, it cannot be maintained that he has not contributed to such injury. In view of the other means of communication furnished, it cannot be claimed that it was necessary for the deceased to pass through the elevator shaft; and the only inference that the testimony affords, as to the reason for his so using it, is the inconvenience that would result either from using the smaller

passage next to the elevator shaft or the larger passage, which was sufficiently ample though some thirty-six feet away. Undoubtedly, to save the steps and time required to return by the passage through which he had entered, the deceased deliberately selected the passage-way through the elevator shaft. That such an adventure was obviously dangerous, we think, is evident, and it would be going beyond reasonable bounds to infer that a person who had reached the age of manhood, and who was familiar with the use of the elevator and shaft, could have approached it without a feeling that he was putting himself in a place of danger. It is to be remembered that this elevator was a mere platform used only for freight, and that articles heavy and light, large and small, were constantly being moved on and off at different floors; and when we recall the further fact of the space between the flooring of the building and the floor of the elevator, which would permit of articles falling, it would be difficult to conceive how one familiar with the surroundings and use of such an elevator could regard the use of the elevator shaft as a passageway as other than dangerous.

Upon this proof we do not find that the burden placed upon plaintiff of showing that the deceased was free from contributory negligence was sustained, nor do we think that in any reasonable view to be taken of the evidence the inference can be justly drawn that the deceased was free from contributory negligence. Where as here two means of communication between the different portions of a cellar are furnished, one of which is obviously dangerous and the other safe, and a person, for his own convenience or to save the few steps required to use the means of safety, chooses to walk into danger, it cannot be said that the evidence which the law requires to entitle him to recover damages for injuries received while in such a position is thereby furnished.

Upon the ground, therefore, that the plaintiff failed to prove the absence of contributory negligence on the part of the deceased, the judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.