William M. Hoes, as Public Administrator in the City of New York, and as Administrator de Bonis Non of the Goods, Chattels and Credits of Carl Burk, Deceased, Appellant, v. Edison General Electric Company, Respondent.

Contributory Negligence — Question for Jury. If a workman, regularly employed in the cellar of a brewery, having suitable passageways in the wall, uses the opening through an elevator shaft as a passageway, and before entering the shaft looks up and sees that the elevator is stationary at a floor about thirty-five feet above, his concluding that the passage through the shaft is safe under the circumstances is not so inconsistent with common prudence as to make his entering the shaft contributory negligence as matter of law and prevent the submission to the jury of an action to recover from an electric company damages for his death, caused by the fall, through a space between the elevator platform and the floor, of a roller which was being used by the electric company in loading upon the elevator machinery which it was installing in the brewery.

*Hoes* v. *Edison Gen. El. Co.*, 23 App. Div. 433, reversed.

(Submitted October 24, 1899; decided November 21, 1899.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 27, 1897, affirming a judgment in favor of defendant entered upon a dismissal of the complaint upon the merits at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frederick W. Holls* for appellant. The plaintiff should recover, even if his own negligence exposed him to the risk of injury, if the injury from which he suffered was more immediately caused by the omission of the defendant to use ordinary care for the purpose of avoiding such injuries, after having such notice of the plaintiff's danger as would put a prudent man upon his guard. (S. & R. on Neg. § 99; *Wynn* v. *C. R. R. Co.*, 91 Ga. 344; *Lloyd* v. *A. R. R. Co.*, 118 N. C. 1011; *Bottoms* v. *S. R. R. Co.*, 114 N. C. 699; *Connolly* v. *K. I. Co.*, 114 N. Y. 108; *Spooner* v. *D., L. & W. R. R. Co.*, 115 N. Y. 22; *Button* v. *H. R. R. R. Co.*, 18 N. Y. 259; *Beems* v. *C. R. R. Co.*, 6 Am. & Eng. R. R. Cas. 285; *G. T. R. R. Co.* v. *Ives*, 144 U. S. 40.)

*Eugene H. Lewis* and *John C. Rowe* for respondent. There is no competent evidence upon which a jury could be justified in concluding that the defendant, through its servants, was guilty of actionable negligence. (16 Am. & Eng. Ency. of Law, 398, 405; *Stabenau* v. *A. A. R. R. Co.*, 155 N. Y. 511; *Ayers* v. *R. Ry. Co.*, 156 N. Y. 104; *Crown* v. *Orr*, 140 N. Y. 450; *Hope* v. *F. B. C. Co.*, 3 App. Div. 70; *Favro* v. *T. & W. T. B. Co.*, 4 App. Div. 241; *Brinckhard* v. *W. U. Tel. Co.*, 12 N. Y. Supp. 534.) The contributory negligence of the deceased is amply sufficient to bar recovery. (*Whalen* v. *C. G. L. Co.*, 151 N. Y. 70; *Chisholm* v. *State*, 141 N. Y. 246; *Cordell* v. *N. Y. C. & H. R. R. R. Co.*, 75 N. Y. 333; *Wiwirowski* v. *L. S. & M. S. Ry. Co.*, 124 N. Y. 420; *Kilbride* v. *N. Y. C. & H. R. R. R. Co.*, 17 App. Div. 177; *Laidlaw* v. *Sage*, 158 N. Y. 73; *Freeman* v. *G. F. P. Co.*, 70 Hun, 530; *Shields* v. *Robins*, 3 App. Div.

582; *Morris* v. *Brown*, 111 N. Y. 318; *Downes* v. *E. B. Co.*, 41 App. Div. 339.)

O'Brien, J.   On the 27th day of September, 1892, one Carl Burk, a young man then about twenty-one years of age, and in the employ of the Ringle Brewing Company, was killed, and this action was brought under the statute to recover the damages resulting to the next of kin from his death, which, it is alleged, was caused by the negligence of the defendant or its servants.

The defendant was at the time of the accident engaged in furnishing the brewery, where deceased was employed, with an electric light plant, and while its servants were loading a piece of heavy machinery on a freight elevator at the first floor of the building, they allowed a heavy iron roller, which was being used to transfer the machinery from the floor of the building to the platform of the elevator, to fall upon the deceased, who was in the cellar about thirty-five feet below, and the injuries thus inflicted resulted in his death.

The proof tended to show that the elevator was not of sufficient dimensions to completely fill the shaft through which it ran, but that there was a space between the first floor of the building and the sill of the elevator of between four and five inches, through which space it appears that the roller fell and struck the deceased.   The rollers used for this purpose consisted of iron pipes about two inches in diameter and of convenient length to roll the machine upon the floor into the elevator.

The deceased was not in the employ of the defendant, but of the brewery company where the electric light plant was being placed.   At the time of the accident he was engaged with another workman in the cellar, about thirty-five feet below the floor upon which the machinery was being moved, washing barrels.   It appears that the cellar was used for cold storage purposes and was divided into two sections by a heavy wall about two or three feet thick, these sections being known in the case as the east and west cellars.   The two apartments,

constituting the entire cellar of the brewery, connected with each other by means of doors through the wall and through the elevator shaft. It seems that the doors in the shaft were generally kept closed, not only for the purpose of avoiding accidents, but also with the view of preventing the cold air from escaping through the shaft. There was a rule in the brewery which forbid the employees using the elevator shaft as an ordinary passageway, but it appears that it was in fact frequently used for that purpose, and it does not appear that the deceased was aware of the rule. Besides the doors in the shaft there were two openings between the east and west cellars, one being twenty-seven inches wide and about four feet high and the other an ordinary doorway about thirty-six feet from the side of the shaft, and neither of these openings had any doors.

The deceased, who was at work in the westerly cellar at the time of the accident, passed through the regular doorway into the easterly apartment with his companion for the purpose of procuring a glass of beer. On their return both passed through the elevator shaft, and while so passing the deceased was struck by the iron roller, falling from the floor above as described, which produced his death. It appears that the attention of the defendant's foreman was called to the open space between the floor of the building and that of the elevator when it was stationary and on a level with the floor, and he was warned that the use of the iron pipes as rollers, which were so small as to fall readily into the cellar through the space between the elevator and the floor, would be dangerous to persons passing through the elevator shaft below. Notwithstanding this warning the defendant's servants, while engaged in putting the machine into the elevator, allowed one of the rollers, which were being used for that purpose, to fall through the open space, thus producing the injury for which damages were claimed. This danger could have been obviated either by using rollers of such length that they would not be likely to drop through the space, or by covering it with boards or planks.

On the first trial of the cause the plaintiff recovered, but the judgment was reversed by the General Term on the ground, as we infer, that the plaintiff had not proved that the deceased was free from contributory negligence. (89 Hun, 498.) It seems to be conceded in the opinion upon that appeal that the question of the defendant's negligence was properly submitted to the jury ; and in view of the danger, which was obvious, of injury to the employees in the cellar underneath, by the falling of objects through the vacant space, and the omission of the defendant to guard against this danger, this view of the case would seem to be quite correct. It cannot, we think, be held, as matter of law, that the defendant did all that common prudence would require, under such circumstances, to guard against accidents. The more serious question is, whether the proof was of such a character as to permit the inference by the jury that the deceased, in passing through the elevator, acted with common prudence, and was not chargeable with negligence contributing to his death. It is undoubtedly true that he could have passed through the doorway in the wall, and if he had the accident would not have happened. He could also have passed through the other space twenty-seven inches wide and four feet high, and had he done so he would not have been struck by the iron roller. But the question is whether, as matter of law, it can be said that he was guilty of contributory negligence in passing through the door of the elevator leading from one section of the cellar to the other. It was the shortest and most convenient way. The larger doorway was some thirty-six feet out of his way, and it may be inferred that he and his companion selected the route they did because it was the shortest and under the circumstances the most convenient. It appears that when the deceased and his companion were passing through, the shaft between the east and west divisions of the cellar they both looked up before attempting to pass and saw that the elevator was at the first floor; some thirty-five feet above, and that it was stationary. Thinking that it was safe to pass through under these circumstances, they evidently forgot to

calculate upon the possibility that the iron roller would fall through the vacant space above and injure them. His companion got through without injury, but the deceased, as we have seen, was fatally injured. It does not appear that either of them was aware of any danger to be apprehended from using this passageway, the doors of which were open, except from the movement of the elevator itself.

It is said that this shaft was a place of obvious danger, and that the deceased in using it as a passageway was guilty of such negligence as precludes any recovery for damages resulting from his death. We do not think that it can be said, as matter of law, that a place of this character is obviously or necessarily dangerous under any and all circumstances. If a workman employed in the cellar knew that the elevator was fastened at the top floor of the brewery, it could not very well be urged that to pass through the doors of the shaft below would be a departure from the ordinary care which the law exacts from a person under such circumstances. If the workmen in the cellar knew that the elevator was locked so that there could be no danger of its descending, it would be an extreme view of the law to say that he was guilty of contributory negligence because for a moment he used the shaft as a passageway between the two divisions of the cellar. But these are not the facts in this case as they now appear in the record. The facts now present and those supposed, however, differ only in degree. It appears that the deceased and his companion, before entering the shaft, looked up and saw that the elevator was about thirty feet above and was stationary. In the exercise of common prudence they could, under these circumstances, conclude that the passageway through the shaft was safe, and it was safe but for an accident which they could not well have anticipated, and which was due to the negligent conduct of the defendant's servants. If the elevator was stationed at the top of the building, it was still possible that objects might be thrown into the shaft that would result in injury to the workmen below; but the question here is whether these workmen would be chargeable with contributory negli-

gence, as matter of law, because they failed to anticipate such a possibility and to guard against it by using the other doorway in the wall instead of that in the shaft. There were three passageways in this cellar by which workmen might pass from one section to the other; two of them were perfectly safe. One of them was safe under some circumstances, but not always. If the elevator was in use and near enough to the cellar to be a signal of danger, ordinary prudence would forbid the use of the shaft as a passageway; but if the elevator was in such a position, and the circumstances were such as to warrant the laborer below, in the exercise of ordinary prudence and caution, in believing that passing through the shaft would not be attended with danger, then it seems to us that contributory negligence cannot be imputed to him as matter of law. It was a question of fact to be submitted to the jury whether, under all the circumstances, the deceased had observed that degree of care and caution which the law imposed upon him.

If these views are correct, it follows that the direction of the learned trial judge dismissing the complaint was error, for which the judgment should be reversed and a new trial granted, with costs to abide the event.

All concur, except PARKER, Ch. J., who dissents on the ground that the plaintiff's intestate having, without permission or knowledge of the defendant, unnecessarily and voluntarily placed himself in an obviously dangerous position, should have been held to have assumed the risks incident thereto.

Judgment reversed, etc.