(36 Misc. Rep. 335.)

### KUECKEL v. O'CONNOR et al.

(Supreme Court, Special Term, Kings County. November, 1901.)

INJURY TO EMPLOYE—CONTRIBUTORY NEGLIGENCE.

A carpenter was employed to lay a floor directly under the hatchways of a five-story building. He complained that the place was dangerous because of hoisting in progress by defendants; but, on being told that it was dangerous, he replied that he was insured. He was injured by the fall of merchandise which slipped out of a sling while being hoisted up the hatchway. A safer place was available for him to work in. *Held*, that he was guilty of contributory negligence.

Action by Frank Kueckel against Patrick O'Connor and others. Verdict for plaintiff. Verdict set aside, and verdict entered for defendants.

Edward P. Lyon, for plaintiff.
Robert Thorne, for defendants.

GAYNOR, J. The defendants were hoisting bundles of paper from the first to the fifth loft of the building. They were doing the work for a tenant of the building. Each bundle weighed about 250 pounds according to plaintiff's evidence, and certainly 100 pounds or more. The hoisting was being done by means of a simple block and fall worked by hand. Several bundles were carried up in the sling at each hoist. The job would take two or three days. The plaintiff was engaged by the janitor of the building to lay a floor in a room eight feet square directly under such hatchways, which were six feet square. When he came to do the work he found the hoisting going on either when he commenced or very soon thereafter the same morning. He went to the janitor and told him it was dangerous for him to work under the hatches while the hoisting was going on. He says the janitor told him to go ahead. The janitor says he told him not to work until the hoisting was finished, unless at his own risk. One of the defendants told the plaintiff that it was dangerous for him to work there, and the plaintiff responded that he was insured. The plaintiff admitted this. He closed down the flap or trapdoor which covered the hatch of the first loft, but saw, as he himself testified, that it was flimsy, only seven-eighths of an inch thick, and no protection if the bundles should fall. It was not intended for that purpose.

An hour or two afterwards, while the plaintiff was sawing a board directly under the hatches, the bundles in some way slipped out of the sling as they were being landed on the fifth loft, and crashing down through the said closed flap or trapdoor fell upon the plaintiff.

A verdict must be directed for the defendants. No one could fail to see and understand the danger. It was obvious to the plaintiff and he therefore took the risk of it. Moreover, his act of sawing the board under the hatches was unnecessary. If he continued the work while the hoisting was going on he could have taken his measurements (at intervals, if necessary) without getting under the loads as they were being hoisted, and then done his sawing in a safe place. And he could then have laid the boards and nailed them with the same caution. Such conduct might have brought him within the case of Hoes v. Electric Co., 161 N. Y. 35, 55 N. E. 285. Instead his conduct lacked any care whatever. It was reckless.

The verdict is set aside and a verdict is entered for the defendants.