HORACE McCARTY, Plaintiff, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Defendant.

*Negligence — injury to a canal boatman, passing at night to his boat over a railroad on the berme bank of the canal, by reason of a car standing upon the track being bumped against him — the questions of negligence and of contributory negligence are for the jury.*

In an action to recover damages for personal injuries sustained by the plaintiff, a canal boatman, it appeared that the plaintiff's boat was moored on the berme bank of the canal, adjacent to a flour mill and brewery, and that the defendant maintained for use, in connection with the mill and brewery, a spur railroad track located on the canal lands; that on the evening of the accident the plaintiff went from his boat across the spur track to the city, and that about nine o'clock he started to return by the same route and that when he was within five feet of a box car, which he had observed standing upon the track all day, he attempted to cross the track; that while he was doing so an engine bumped some freight cars against the standing car, backing it upon the plaintiff and causing him to receive serious injuries. The night was dark and the machinery in the mill and brewery were in operation, causing considerable noise. There were no lights on the box car or in the vicinity, and no warning was given of the approach of the train, and the plaintiff testified that he did not hear the noise of the cars or engine and was unaware of their approach.

It did not appear by what authority the spur track had been laid upon the State lands, but it did appear that the track had been so maintained for many years. It also appeared that the only means of access to the city from boats moored at the berme bank was over the defendant's track, and that for twenty-five years boatmen had used this route without interference.

*Held,* that although the Constitution prevents the Legislature from selling or leasing the Erie canal, section 25 of chapter 338 of the Laws of 1894, giving the Superintendent of Public Works supervisory power over the canal lands and of any railroad within ten rods of the canal "to preserve the free and perfect use" of the canal, implied that a license or privilege may be accorded to a railroad company to construct its tracks and operate its cars upon the canal lands under the direction of the State authorities;

That, therefore, the court must assume that the defendant was not a trespasser;

That it was also deducible from the evidence that the plaintiff was not a trespasser in passing over the tracks;

That, as the defendant must have known of the long-continued custom of the boatmen to pass over its tracks at the point in question, it was chargeable with the duty of exercising reasonable caution for their protection;

That, upon the evidence, the question of the defendant's negligence and of the plaintiff's freedom from contributory negligence should have been submitted to the jury.

DAVY, J., dissented.

MOTION by the plaintiff, Horace McCarty, for a new trial upon a case containing exceptions, ordered to be heard at the Appellate Division in the first instance, upon a nonsuit granted by the court after a trial at the Cayuga Trial Term.

*Frank C. Sargent,* for the plaintiff.

*Albert H. Harris,* for the defendant.

SPRING, J.:

This is an action of negligence to recover for personal injuries sustained by the plaintiff by being struck and run over by a freight car of the defendant in the city of Syracuse on the 20th of June, 1901. The plaintiff was a canal boatman in the employ of one Butler who was operating two boats, each ninety-six feet in length at the time of the infliction of the injuries. The boats came into Syracuse on the canal on the evening of the nineteenth of June loaded with coal, and Butler and the plaintiff spent the day on the towpath and northerly side of the canal, getting rid of the load on the *Hastings,* which was the boat in the immediate charge of

the plaintiff. About seven-thirty in the evening this boat was moored for the night west of the other boat on the opposite or berme bank of the canal which is the usual side for tying up boats in order that the traffic along the towpath will not be interfered with. On the berme bank adjacent to where the boats were moored were Greenway's brewery and Amos' flouring mill. The lower parts of these buildings were back from the canal about fifteen feet, but the upper stories projected over this open space and were supported by columns close to the brink of the canal. Along this strip the defendant had a single spur track which was used in connection with the mill and brewery, and this use obviously was not very extensive. During the entire day of June twentieth a box freight car stood on this track undisturbed, and was observed both by the plaintiff and his employer.

Early in the evening the plaintiff crossed over the spur track from his boat, the *George Hastings*, and walked along Franklin street, which is east of the brewery and intersects the canal, and went to a cigar store in the city, remaining until about nine o'clock. He then started to return to the boat by the same route, walking along close to the mill and brewery, and when within five feet of the box car he attempted to cross the track to the cabin of his boat which was opposite the east end of the car. An engine attached to some freight cars bumped them against the standing car, backing it upon the plaintiff, dragging him under the car and injuring him so that the amputation of both legs was necessary. The night was dark, threatening rain, and the machinery in the mill and brewery was in operation, causing considerable noise; there was no light on the box car or about there, and no warning was given of the approaching train, and the plaintiff testified that he did not hear the noise of the cars or engine and was unaware of their approach.

The land where the collision occurred belongs to the State for use in connection with the canal. The blue line, which is the southerly boundary of the State land, extends about sixty feet from the south bank of the canal. It does not appear by what authority the buildings and defendant's spur track were erected upon the State lands, but they have remained as now for many years.

While the Constitution prohibits the Legislature from selling or leasing the Erie canal (Const. of 1894, art. 7, § 8), yet the Super-

intendent of Public Works is given supervisory power over these lands, and of any railroad within ten rods of the canal, "to preserve the free and perfect use" of the canal (Laws of 1894, chap. 338, § 25) which implies that a license or privilege may be accorded to a railroad company to construct its tracks and operate its cars within the blue line, but under the direction of the State authorities. We must assume, therefore, that the defendant is not a trespasser in running along next to the berme bank at this place. It is also a deduction from the evidence that the plaintiff was not a trespasser in going over this track. The boats were in the habit of tying up at the berme bank at this point, and the only way of access to the city from them was over this track, and one of the intersecting streets on either side. For twenty-five years boats had been moored at this precise place, and the boatmen without interference had gone along or over this track to and from the city and no other route was available to them. Both the boatmen and the defendant, therefore, apparently possessed the right of user along this strip of land. The defendant must have known of the long-continued custom of the boatmen to pass over its track at this point, and it was chargeable with the duty of exercising reasonable caution for the protection of the plaintiff and others going to and from the boats fastened at the bank. (*Dempsey* v. *N. Y. C. & H. R. R. R. Co.*, 81 Hun, 156; *Conlan* v. *N. Y. C. & H. R. R. R. Co.*, 74 id. 115; affd., 148 N. Y. 748; *Flynn* v. *C. R. R. Co.*, 142 id. 439, 445.)

The case is distinguishable from *Nicholson* v. *Erie Railway Co.* (41 N. Y. 525), relied upon by the learned counsel for the defendant, in that in that case the plaintiff's intestate was on the track without legal right and no duty was imposed upon the defendant to exercise caution for his protection. The manifest distinction is that the plaintiff and the defendant in the present case, so far as we are able to gather from the record, had a lawful right over this strip of land, the one by a license or perhaps a user with the assent of the State, and the other as a privilege incidental to the operation of the boats upon the canal which was the original purpose for which the land was acquired by the State. With this relation of the parties existing, we cannot say as matter of law that the defendant by butting its train against this car on a dark evening without warning of

its approach exercised that measure of care which the circumstances required of it.

Nor can we hold the plaintiff was chargeable with want of caution. He had seen this car standing on the spur track during the whole day. He returned from the city along the usual route. He had no intimation that an engine with freight cars attached was approaching. There were no lights and no warning. The noise of the machinery in the mill and brewery may have overcome the rumbling of the freight cars. His conduct was not so incompatible with ordinary prudence as to warrant taking the case from the jury. (See cases cited; *Hoes* v. *Edison General Electric Company*, 161 N. Y. 35; *Manley* v. *N. Y. C. & H. R. R. R. Co.*, 39 App. Div. 144; *Eastland* v. *Clarke*, 165 N. Y. 421.)

The plaintiff's exceptions should be sustained and a new trial directed, with costs to the plaintiff to abide the event.

McLENNAN, WILLIAMS and HISCOCK, JJ., concurred; DAVY, J., dissented.

Plaintiff's exceptions sustained and motion for new trial granted, with costs to the plaintiff to abide event.